1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLICATION OF RICHESSE
HOLDING CO., LTD., et al.,

Applicants.

Case No.  3:23-mc-80030-JD

ORDER RE APPLICATION FOR
DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS

Applicants Richesse Holding Co., Ltd. (Richesse) and Hiroyuki Ide, the representative director and president of Richesse, filed an *ex parte* application under 28 U.S.C. § 1782 to take discovery for use in foreign proceedings.  *See* Dkt. No. 1; Dkt. No. 1-1 ¶¶ 1, 4 (Ide declaration). Richesse is a Japanese corporation "engaged in the real estate business."  Dkt. No. 1-1 ¶ 3.  It "maintains a business profile and appears on Google Maps," and when "prospective customers search for Richesse on the Google search engine, the Google Maps business profile and reviews . . . of Richesse are displayed as search results."  *Id.* ¶ 9.  Richesse seeks discovery in this District from Google LLC to obtain the identity of Google account owners who left anonymous one-star reviews on Richesse's Google Maps profile.  *See* Dkt. No. 1 at 2-3.  Applicants allege that the reviews contain defamatory content and that the reviewers may be subject to civil and criminal liability in Japan for their comments.  *See id.*

Richesse asks for authorization to issue a subpoena to Google to obtain the names, physical addresses, email addresses, telephone numbers, IP addresses, and other information associated with the Google accounts in question.  *See* Dkt. No. 1, Ex. A.  The application is granted, subject to the conditions imposed in this order.

**DISCUSSION**

Section 1782 "provide[s] federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). It authorizes the "district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

"The absolute requirements under § 1782 are only part of the story, however." *In re Premises Located at 840 140th Ave. NE*, 634 F.3d 557, 563 (9th Cir. 2011). "'[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery.'" *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting *Khrapunov*, 931 F.3d at 926). The factors that inform the district court's exercise of discretion "include whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and whether the request is 'unduly intrusive or burdensome.'" *In re Premises*, 634 F.3d at 563 (quoting *Intel*, 542 U.S. at 264-65).

Applicants have made an adequate showing that the three Section 1782 requirements are satisfied. Google's headquarters is in Mountain View, California, which is in this District. *See* Dkt. No. 1-2 at ECF p. 10. Applicants represent that they intend to initiate civil proceedings and

submit a criminal complaint once they ascertain the identities of the anonymous reviewers, so the discovery is for use in a proceeding in a foreign tribunal that is "within reasonable contemplation." *Intel*, 542 U.S. at 259. As putative plaintiffs, applicants have alleged that they are interested persons. The Court's review of the relevant *Intel* factors at this early stage did not disclose a compelling reason to deny the discovery request, but it bears emphasis that the Court has not had the benefit of an adversarial presentation of the issues or an opposing point of view. Consequently, the review is preliminary and subject to possible reexamination.

## CONCLUSION

Applicants may serve their proposed subpoena, Dkt. No. 1, Ex. A, on Google, subject to the following conditions:

1. Applicants are directed to serve a copy of this order on Google with the subpoena.

2. Within ten calendar days of service of the subpoena, Google is directed to notify all account users whose personal identifying information is affected by the subpoena that their personal identifying information is being sought by applicants. Google is directed to provide a copy of this order to each account user. The notice to each user must state that the user may file a motion to quash or otherwise object to the discovery, as provided for in this order.

3. Google is directed to use all means of communications associated with the affected Google accounts to contact and notify the affected individuals of the subpoena.

4. Google and each account user whose information is sought may file by August 18, 2023, a motion to quash or modify the subpoena, or other objection.

5. Any account user seeking to quash or modify the subpoena may appear and proceed under a pseudonym, pending further order.

6. Before any discovery is provided to applicants, Google and applicants will stipulate to and file a Protective Order that preserves the confidentiality of the discovery information. All discovery provided to applicants will be subject to the terms of the Protective Order.

7.      Google will not provide any discovery to applicants prior to August 18, 2023.  If a motion or objection is filed by a user, Google will not provide any information about that user to applicants until ordered by the Court.  If a user does not file a motion or otherwise object to the discovery, Google may provide the discovery after August 18, 2023, but only if the Court has approved the Protective Order.

**IT IS SO ORDERED.**

Dated:  June 23, 2023

_____

JAMES DONATO
United States District Judge